UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE PARKER,

               Plaintiff,                           Case No. 07-14780
                                                        Honorable David M. Lawson
v.                                                          Magistrate Judge Mona K. Majzoub

DETROIT SPORTSERVICE, INC.,

               Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on the plaintiff's "Motion for Review and Reconsideration," which the Court construes as objections to a report filed by Magistrate Judge Mona K. Majzoub recommending that the plaintiff's motion for a default judgment be denied. After a *de novo* review, the Court finds that the plaintiff has failed to prove that the defendant was served with the summons and complaint more than twenty days before it filed its answer. Because the defendant responded to the summons within the time allowed by the Federal Rules of Civil Procedure, the Court concludes, as did the magistrate judge, that the motion for default judgment must be denied.

The plaintiff's complaint and application to proceed *in forma pauperis* were filed on November 7, 2007. The plaintiff alleges that the defendant, her former employer, discriminated against her on the basis of race and gender. The Court granted the plaintiff's application to proceed *in forma pauperis* on November 20, 2007 and referred pretrial matters to Magistrate Judge Majzoub. The magistrate judge directed service on November 29, 2007. *See* Fed. R. Civ. P. 4(c)(3).

On December 4, 2007, the Clerk's office issued a summons. The Marshal then sent a notice dated December 4, 2007, along with the summons and complaint, to the defendant's address at 2100

Woodward Ave. This was apparently sent via ordinary mail. Michael A. Alaimo, an attorney employed by Miller Canfield Paddock & Stone, filled out an acknowledgment of receipt, and dated the acknowledgment January 7, 2008. [dkt. #18]. The docket text for this entry reads: "CERTIFICATE of Service/Summons Returned Executed. Detroit Sportservice, Incorporated served on 1/7/2008, answer due 1/28/2008."

On January 22, 2008, the plaintiff filed a motion for default judgment and a request for clerk's entry of default. Apparently the request for clerk's entry of default was never acted upon, but it should not have been because the period for answering had not expired at the time. The magistrate judge recommended that the motion be denied because it was filed before the defendant's twenty-day period to answer the complaint had expired. The plaintiff timely objected.

The plaintiff claimed in her motion for default judgment that the defendant failed to answer the complaint timely, and sought $200,000 as a "sum certain." This is the same sum requested by her complaint "for compensatory damages, punitive damages, emotional distress, mental suffering, court cost and inconvenience." Compl 8. On January 25, 2008, the defendant served its answer.

The defendant resisted the motion for default judgment on the ground that it answered within the twenty days authorized by the rules. It also claimed that it was actually entitled to sixty days to answer the complaint because it had waived service. *See* Fed. R. Civ. P. 4(d)(3). Finally, it challenged the plaintiff's motion as defective because she failed to properly notarize her affidavit. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002) ("'affidavit' is required to be sworn to by the affiant in front of an 'officer authorized to administer oaths'" (quoting Black's Law Dictionary 54 (5th ed. 1979)).

The magistrate judge rejected the defendant's claim that it was entitled to sixty days, because the defendant had not waived service but had simply acknowledged receipt of the summons and complaint. That ruling was correct. The magistrate judge also found that the plaintiff failed to carry her burden of showing that she was entitled to a default judgment because the acknowledgment of receipt was dated January 7, 2008, and the period to respond expired on January 28, 2008. She concluded that because the defendant served its answer on January 25, 2008, it was timely. Therefore, the magistrate judge recommended denial of the plaintiff's motion. *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999) (holding that a motion for default judgment can be referred to magistrate judge for report and recommendation).

The plaintiff then filed a "motion for review and reconsideration, response to objection #1, response to objection #2" that the Court has construed as objections to the magistrate judge's report and recommendation. Under "RESPONSE TO OBJECTION #1," the plaintiff simply recounts the facts, but emphasizes that the summons and complaint were mailed on December 4, 2007. Under "RESPONSE TO OBJECTION #2," the plaintiff argues that the summons and complaint were probably received by the defendant as early as December 5, 2007, because the downtown Detroit Post Office located in the Penobscot building "has a one day turn around for mail being delivered in the city of Detroit, MI with the zip code beginning with 482. . ." Mot. for Rev. 4. The defendant apparently is located in zip code zone 48226, as is its attorney. The plaintiff "is willing to extend delivery day to Saturday, December 8, 2007," *ibid.*, but no more. The defendant filed a response, reiterating the arguments it made in its initial response.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings

or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the Report and Recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The plaintiff concedes, as she must, that the party moving for default judgment has the burden of proving that the defendant was properly served. *Soulliere v. Soulliere*, 2008 WL 718164, *2 (E.D. Mich. March 14, 2008) (citing *Keller v. Owens*, 2007 WL 2702947 (D. Kan. Sept. 14, 2007), and *Evertson v. Topeka ARC*, 2005 WL 2988716 (D. Kan. Oct. 11, 2005)); *see also KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936) (stating that the plaintiff generally has the burden of establishing jurisdiction); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (holding that when a defendant moves for relief from a default judgment, "the court 'should . . . construe[ ] all ambiguous or disputed facts in the light most favorable to the defendant[ ],'" (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir. 1980))); *cf. SEC v. Internet Solutions for Business, Inc.*, 509 F.3d 1161 (9th Cir. 2007) (explaining that the defendant moving to *vacate* default judgment based on improper service of process, who had actual notice of original proceeding but delayed in bringing a motion until after entry of default judgment, bears the burden of proving that service did not occur). That rule is informed by the general policy that "values the disposition of cases on their merits." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (stating that "default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible").

Federal Rule of Civil Procedure 4(h), through its incorporation of Rule 4(e), provides that service upon a corporation may be accomplished "pursuant to the law of the state in which the district court is located" or by delivering a copy of the summons and complaint to an officer or agent of the corporation. The law of the State of Michigan similarly allows service on a corporation by "serving a summons and a copy of the complaint on an officer or the resident agent." Mich. Ct. R. 2.105(D)(1). For individuals served via registered or certified mail, "Service is made when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A)(2); *see TC Logistics, Inc. v. Trucking Start-Up Services, L.L.C.*, 2008 WL 623809, at *2 (W.D. Mich. Mar. 4, 2008) (unpublished) (applying rule to service on a corporate agent).

Under Rule 12(a), a defendant shall answer a complaint "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A); *see also Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903 (6th Cir. 2005). "Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003) (citing Fed. R. Civ. P. 55(b)(1)). Entry of default judgment establishes "every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).

In this case, the evidence shows that the defendant acknowledged receipt of the summons and complaint on January 7, 2008. In this case, the manner of service appears to have been by regular mail, whereas Michigan's rule for service on corporations requires use of "registered mail." Mich. Ct. R. 2.105(D)(2), (3). But the defendant has not challenged the sufficiency of service, and therefore has waived any such challenge. *Blachy v. Butcher*, 221 F.3d 896, 911 (6th Cir. 2000). In any event, under the Michigan Court Rules, incorporated by Federal Rule of Civil Procedure 4(h),

service by mail is "made when the defendant acknowledges receipt of the mail." *See* Mich. Ct. R. 2.105(A)(2). Moreover, because it is the plaintiff's burden to show that she is entitled to a default judgment, all facts must be resolved in favor of the defendant. *See INVST Financial Group*, 815 F.2d at 398. In this case, although the plaintiff suspects that the summons and complaint may have been delivered sooner, the plaintiff's offerings amount to no more than speculation, and she cannot prove that the defendant received the summons and complaint prior to January 7, 2008.

The twenty day period begins on the day after receipt, *see* Fed. R. Civ. P. 6(a)(1), and includes weekends and holidays, *c.f.* Fed. R. Civ. P. 6(a)(2). The last day of the period is included unless it falls on a weekend or holiday. Fed. R. Civ. P. 6(a)(3). The twenty day period beginning on January 8, 2008 ended on Sunday, January 27, 2008. Because that was a weekend day, the last day for the defendant to file its answer was January 28, 2008. The record shows that the answer was filed on January 25, 2008, within this time period. The magistrate judge correctly calculated the time period and properly recommended denial of the plaintiff's motion for default judgment.

The Court finds that the plaintiff's objections to the magistrate judge's report and recommendation lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #21] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the recommendation [dkt #22], so construed, are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt #12] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mona K. Majzoub under the previous reference order [dkt #5] to resolve pending motions and ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 30, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2008.

s/Felicia M. Moses
FELICIA M. MOSES